# United States Court of Appeals for the Fifth Circuit

No. 25-30704
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2026

Lyle W. Cayce
Clerk

MK Mall Holdings, L.L.C.,

*Plaintiff—Appellee*,

*versus*

Underwriters at Lloyds of London; Indian Harbor Insurance Company; QBE Specialty Insurance Company; Steadfast Insurance Company; General Security Indemnity Company of Arizona; United Specialty Insurance Company; Lexington Insurance Company; HDI Global Specialty SE, *formerly known as* International Insurance Company of Hannover SE; Old Republic Union Insurance Company; Safety Specialty Insurance Company,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:23-CV-1455

_____

Before Willett, Engelhardt, and Wilson, *Circuit Judges*.

No. 25-30704

Per Curiam:[*]

This case concerns an insurance dispute that arose in the wake of Hurricane Ida. After having its coverage claims denied, MK Mall Holdings (MK Mall) brought this action against its insurers, both domestic and foreign (collectively, the Insurers). The Insurers then removed the case, and the district court subsequently compelled arbitration. Eighteen months later, with the parties apparently unable to settle on an arbitrator, the district court entered an order setting a deadline for the parties to complete arbitration and laying out a schedule for a settlement conference and evidentiary hearing in the event they failed to do so. The Insurers appealed.

While this appeal was pending, MK Mall filed a renewed motion in the district court to reopen proceedings and reconsider its earlier order compelling arbitration and granting a stay of proceedings. Before the district court ruled on that motion, this court issued its opinion in *Crescent City Surgical Operating Co. v. Interstate Fire & Cas. Co.*, No. 25-30044, 2026 WL 1091579 (5th Cir. Apr. 22, 2026). In response, on April 28, 2026, the district court entered an order applying *Crescent City* and denying MK Mall's renewed motion; maintaining the stay of litigation; and administratively closing the matter. Appellees argue that this order mooted the appeal because it wiped out the interim orders being appealed. Appellants counter that this court should expressly direct the district court to adopt *Crescent City* and urge us not to dismiss the appeal as moot, though they conceded the issues on appeal have "narrowed."

"[T]he filing of a timely and sufficient notice of appeal transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals." *In re Ft. Wor. Chamber of Com.*, 100 F.4th 528, 536 (5th

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Cir. 2024).  "A district court does not have the power to alter the status of the case as it rests before the Court of Appeals."  *Id.*  Here, once the Insurers appealed the district court's interim orders, the district court lacked the power to "frustrate our ability to provide meaningful relief."  *See id.*

Accordingly, the district court was without jurisdiction to issue its April 28, 2026 order applying *Crescent City* and administratively closing the case during the pendency of this appeal.  *See id.*  And "[w]here a federal court lacks jurisdiction, its decisions, opinions, and orders are void."  *See In re Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993).  However, we may treat the district court's order as an indicative ruling.  *See* Fed. R. Civ. P. 62.1(a), (c) (allowing this Court to remand for the district court to enter a decision on a motion if the district court has indicated the motion "raises a substantial issue"); Fed. R. App. P. 12.1(b) (same); *see also Moore v. Tangipahoa Par. Sch. Bd.*, 836 F.3d 503, 504 (5th Cir. 2016) (treating as an indicative ruling the district court's statement that it would determine whether a conflict of interest existed if the case were remanded, when a notice of appeal divested the district court's jurisdiction).

Based on the foregoing, the district court's April 28, 2026 order is void for lack of jurisdiction and therefore VACATED.  We REMAND this case for the limited purpose of allowing the court to re-enter its order.  *See United States v. Tinney*, No. 23-50252, 2023 WL 8449212, at *1 (5th Cir. Dec. 6, 2023) (per curiam).

VACATED AND REMANDED.